United States Court of Appeals
FOR THE EIGHTH CIRCUIT
No. 97-2778

United States of America,       *
                                *
            Appellee,           *
                                *   Appeal from the United States
      v.                        *   District Court for the
                                *   Eastern District of Missouri.
David Dodson,                   *       [UNPUBLISHED]
                                *
            Appellant.          *

_____

Submitted:  January 7, 1998

Filed:  January 12, 1998
_____

Before BOWMAN, WOLLMAN, and LOKEN, Circuit Judges.
_____

PER CURIAM.

After David Dodson pleaded guilty to armed robbery, in violation of 18 U.S.C. § 2113(a), (d), and to using a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1), the district court sentenced him to 40 months' imprisonment for the armed robbery and a consecutive 60-month sentence for the firearm offense. On appeal, we vacated Dodson's sentence and remanded for resentencing, agreeing with him that the district court's assessment of a two-level increase under U.S. Sentencing Guidelines Manual § 2B3.1(b)(3)(A) (1997) (add two levels if any victim sustained bodily injury) was erroneous. See United States v. Dodson, 109 F.3d 486, 488-89 (8th

Cir. 1997).  On remand, the district court recalculated Dodson's Guidelines range without the two-level enhancement, resentenced him to 33 months' imprisonment for the armed robbery, and reimposed the balance of his original sentence.  On appeal, counsel has filed a brief pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967), raising sentencing challenges.  We affirm.

Counsel raises two issues in the <u>Anders</u> brief, first, that the district court failed to comply with our mandate in <u>Dodson</u>, and second, that the court resentenced Dodson contrary to established law and the Guidelines.  We reject both issues.  Dodson's 33-month sentence is consistent with our directive in <u>Dodson</u>, and is within both the revised Guidelines range and the applicable statutory maximum sentence.

After conducting the review required under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues.

The sentence is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.